GEORGE W. WILLIAMS *et al. vs.* WILLIAM H. HERRICK *et als.*

A testator gave all his property subject to a life estate to five trustees in trust to erect a brick block to be forever known as the "A. G. & A. W. Olney Block," the remainder to be held by them and managed in such manner as they might deem for the best interest thereof, the whole to be known as the "A. W. Olney Trust Estate." He directed the rents and income to be divided among his heirs in the same proportions as they would inherit his intestate estate, when-ever the accumulations should reach such proportions that the trustees should deem such dividends advisable, and provided further that vacancies in the board of trustees should be filled by the probate court having jurisdiction of the will "ever thereafter." There was no provision in the will for a vesting of the estate or any part thereof in anybody at any time except by way of the dividends to his heirs.

*Held,* that the trust was void as a perpetuity.

After an administrator with the will annexed of an estate devised in trust has fully administered the estate, and his account has been finally passed upon by the probate court, the trustees are then the legal custodians of the fund ; and for all that remains to be done in settling the rights of the parties a court of equity is the proper forum.

BILL IN EQUITY to avoid a trust.   On demurrer.

*September* 20, 1895.   STINESS, J.   The complainants, heirs at law and next of kin of Amos W. Olney, who died August 24, 1886, seek to secure certain property given by him in his will to the respondents, in trust.

The will gives all his estate to his widow, now dead, during her life, and the remainder after her decease to a board

of five trustees, in trust, among other things, to erect a brick block on his lot on High Street in Providence, to be forever known as the "A. G. & A. W. Olney Block." All the remainder of the trust estate is to be held by the board of trustees and managed in such manner as they may deem for the best interest thereof; the whole to be known as the "A. W. Olney Trust Estate." The rents and income are to be divided among such of his heirs as shall present satisfactory proof of their claims to the board of trustees, in the same proportion as they would inherit his intestate estate. Such dividends are to be made whenever the accumulations shall reach such proportions that the board of trustees shall deem such dividends advisable. Vacancies in the board of trustees are to be filled by the court of probate having jurisdiction of the will, "ever thereafter." The complainants claim that the devise is void as a perpetuity, and the respondents demur to the bill.

We cannot conceive of a clearer case of perpetuity. It is so clear that it defines itself. The testator provides for a building to *forever* perpetuate his name; for a pool of all his capital, including the building to be known as his "Trust Estate;" for a board of trustees to manage it without limit of time; for dividends to be declared to heirs, who shall produce satisfactory proof of their right, and this without limit of time; for vacancies to be filled "ever thereafter." No provision is made for a vesting of the estate in anybody other than the trustees at any time, and no provision is made for anybody to take any interest therein, except by way of dividends as the trustees may award them. Indeed, as we strive to follow the provisions of the will, they seem to go beyond a legal perpetuity and to reach into eternity. The scheme is simply to have a perpetual trust estate which shall pay dividends to heirs like a stock company. It is so clearly contrary to the established rule against perpetuities that it is needless to discuss it. The cases relied on by the respondents to support the will are chiefly cases of a direction to trustees to erect a monument. But those cases are radically different from this. They relate to something to be done immediately

and ended. No title is carried along, no estate is held in abeyance, but the monument is in the nature of an improvement put upon land which vests in devisees or heirs. We make no question that the devise of an estate with a simple direction to the trustees to erect a building would be good. Such was the case of *Lombe* v. *Stoughton*, 12 Sim. 304. The respondents claim that we should construe this will to be of that sort; that we should disregard the perpetuity, and allow the trustees to execute the imperative trust, leaving the rights of the heirs in the property to be determined hereafter. We might, perhaps, do this if the will evinced any intention to have the building independent of the trust. But it does not. The directions about the building are so interwoven with the whole scheme that we cannot separate them, or say that the testator meant it to be otherwise. The block and the funds were to constitute the trust estate, to be managed by the board of trustees, and to be the capital out of which the dividends were to be paid. It is by no means clear that he meant to have a block built to bear his name "forever," if, as soon as the direction was accomplished, the heirs, as owners, could efface the name or sell the estate to others who might do it. We cannot make a new will, nor untie the parts which he has tied together.

*In re Cotton's Trustees and the School Board for London*, L. R. 19 Ch. 624, somewhat resembled this case, but there the trust was limited to the period of twenty-one years from the death of the survivor of all the persons specifically named in the will. Fry, J., said: "The object of so limiting that period was to keep the estate together, for the purpose of management, as long as the law would permit." In this controlling respect it was quite unlike the present case. *Detwiller* v. *Hartman*, 37 N. J. Eq. 347, is similar in principle to this case. There a trust to buy a burial lot and erect a monument thereon was sustained, but the gift of a fund from the interest of which a brass band was to be equipped and maintained forever, to be called by the testator's name, and to march to his grave on the recurring anniversaries of his death, as well as holidays and other proper occasions, and

there to play a funeral march and other appropriate music, was held to be void.

We cannot regard this trust to erect a building as a trust to erect a monument. The monument which the testator had in mind was the perpetual trust estate, of which the building was only a part and an incident,—an important part, no doubt, to his mind, but not one to stand alone, if it could not be a part of the scheme he had devised. The point is also taken that the direction as to the building should be treated as a power, but we see no power apart from the trust itself.

We therefore decide that the devise in trust is void, so far as it relates to anything remaining to be done beyond the payment of the debts and funeral expenses of Mary J. Olney.

The respondent Herrick, administrator with the will annexed of the testator, demurs to the bill upon the ground that as to him it seeks a settlement of his account which should be made in the Probate Court. We do not so understand the bill. On the contrary, it alleges that he has fully administered the estate; that his account has been passed upon by the Probate Court, and by this court on appeal, and that the balance, constituting the *corpus* of the trust estate, has been settled. If this be so, the trustees are the legal custodians of the fund and there is no further order for the Probate Court to make. *Arnold* v. *Smith*, 14 R. I. 217. For all that remains to be done we think that this court is the proper forum.

The demurrers to the bill are overruled.

*Francis Colwell, Walter H. Barney & Albert A. Baker,* for complainants.

*James Tillinghast, Edmund S. Hopkins, Richard B. Comstock & Rathbone Gardner,* for different respondents.